MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2020 ME 9
Docket:       Aro-19-110
Submitted
  On Briefs:  December 17, 2019
Decided:      January 23, 2020

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HUMPHREY, JJ.[1]

## STATE OF MAINE

v.

## P.S.

MEAD, J.

[¶1] In this consolidated appeal, P.S. challenges the disposition imposed by the District Court (Fort Kent, *Soucy, J.*) in three juvenile matters. Specifically, P.S. argues that the court abused its discretion or otherwise erred in ordering that he be committed to Long Creek Youth Development Center (Long Creek) for an indeterminate period up to age eighteen. *See* 15 M.R.S. §§ 3313(1)-(2), 3314(1), 3316(2), 3402(1)(B) (2018).[2] Because our language in *State v. J.R.*, 2018 ME 117, ¶¶ 24, 27, 191 A.3d 1157, could be read to suggest that a court imposing an indeterminate commitment of a juvenile to a Department of

---

[1] Although Justice Hjelm participated in the appeal, he retired before this opinion was certified.

[2] Title 15 §§ 3313(1)-(2), 3314(1) (2018) have since been amended, though not in any ways that affect this case. *See, e.g.*, P.L. 2019, ch. 474, §§ 1-2 (effective Sept. 19, 2019) (to be codified at 15 M.R.S. §§ 3313(2)(F), 3314(1)(E)).

Corrections facility must specify a commitment no shorter in duration than up to the juvenile's eighteenth birthday, and the trial court may have proceeded under such a belief, we take this opportunity to clarify the law, vacate the dispositional orders, and remand for the court to revisit the disposition pursuant to 15 M.R.S. §§ 3314(1), 3316(2).

## I. BACKGROUND

[¶2]  The following facts are drawn from the "record of the proceedings in juvenile court."  15 M.R.S. § 3405(2) (2018).  On June 4, 2018, when P.S. was fourteen, he was adjudged to have committed criminal trespass (Class E), 17-A M.R.S. § 402(1)(B) (2018).  The court imposed a disposition of a thirty-day confinement, all suspended; a one-year term of probation; and forty hours of community service to be completed within two months.  Soon after, the State filed its first motion for probation revocation, alleging that P.S. had violated probation conditions by possessing alcohol, failing to complete the forty hours of community service, and refusing to comply with a curfew.  P.S. admitted to violating the conditions of his probation, at which time the court (*Nelson, J.*) partially revoked his probation and ordered that he complete forty hours of community service within thirty days.

[¶3]  The State filed second and third motions for probation revocation on November 15 and December 11, 2018.  In addition to the allegations that P.S. violated the conditions of his probation, the State charged four new misdemeanors: criminal mischief (Class D), 17-A M.R.S. § 806(1)(A) (2018), for destroying his mother's artwork; domestic violence assault (Class D), 17-A M.R.S. § 207-A(1)(A) (2018), for assaulting his sister; assault (Class D), 17-A M.R.S. § 207(1)(A) (2018), for assaulting a student at school; and criminal mischief (Class D), 17-A M.R.S. § 806(1)(A), for damaging a school laptop.

[¶4]  On March 4, 2019, the court (*Soucy, J.*) held a hearing to consider the State's motions for probation revocation and the four new charges.  At the hearing, P.S.—who was not yet fifteen years old—admitted to all four new offenses and the probation violations.  The State advocated for the court to impose a disposition of indeterminate commitment until age eighteen.  P.S. argued for a thirty-day confinement.  The court revoked P.S.'s probation and imposed a disposition of commitment to Long Creek for an indeterminate period up to age eighteen.  The court stated,

> [T]ypically I think we could set you up with really intensive services in the community . . . and I think, in fact, we've tried to do some of that. . . .  But ideally we'd have other services available as well that are perhaps a bit more assertive and are a bit more local. We don't have those services, and I'm satisfied there is no

4

alternative but to commit you to Long Creek, and I don't think a shock sentence is going to do it. It's going to be [until] age 18.

[¶5] P.S. timely appealed the disposition. *See* 15 M.R.S. § 3402(1)(B).[3]

## II. DISCUSSION

[¶6] In a comprehensive list, 15 M.R.S. § 3314(1) outlines the dispositional alternatives available to the juvenile court, including home supervision under court-imposed conditions, participation in a supervised work or service program, a period of confinement not to exceed thirty days, and commitment to a juvenile correctional facility. 15 M.R.S. § 3314(1)(A), (B), (F), (H). Section 3316(2)(A) expounds on juvenile commitments to the Department of Corrections that are ordered under section 3314(1)(F) and provides in relevant part,

> A commitment of a juvenile to a Department of Corrections juvenile corrections facility pursuant to section 3314 must be for an indeterminate period not to extend beyond the juvenile's 18th birthday *unless the court expressly further limits* or extends the indeterminate commitment, *as long as the court does not limit the commitment to less than one year* nor extend the commitment beyond a juvenile's 21st birthday and as long as an order does not result in a commitment of less than one year, unless the commitment is for an indeterminate period not to extend beyond the juvenile's 21st birthday.

---

[3] In addition to briefs from the parties, we were provided a joint brief from a group of organizations serving as amici curiae pursuant to M.R. App. P. 7A(e). The organizations that signed onto the amicus brief in support of P.S. include the ACLU of Maine Foundation, Maine Association of Criminal Defense Lawyers, Disability Rights Maine, and GLBTQ Legal Advocates and Defenders.

15 M.R.S. § 3316(2)(A) (emphases added).

[¶7]  In other words, if the juvenile court decides to order the commitment of a juvenile to a Department of Corrections facility pursuant to section 3314(1)(F), that indeterminate commitment will be for a period up to the juvenile's eighteenth birthday, *unless* the court decides to limit or extend the commitment within the bounds of section 3316(2)(A).  Relevant to the present matter, the court could not have limited P.S.'s commitment to a period of "less than one year."  15 M.R.S. § 3316(2)(A).  In sum, the statute provides the court a range of discretion for calculating a juvenile's period of commitment.

[¶8]  Although we cannot be certain of the court's understanding, the record gives us reason to believe that, once the court decided to commit P.S. to Long Creek, it may have felt compelled to order him committed up to his eighteenth birthday.  At the hearing, the court stated that it believed there was "no alternative but to commit [P.S.] to Long Creek" until he reached age eighteen.  Further, P.S. advocated for a thirty-day confinement at the hearing, and it appears that his attorney may have misunderstood the court's ability to limit a commitment to somewhere between at least one year and P.S.'s

6

eighteenth birthday.[4]  Given these observations, the court may have operated under the belief that its indeterminate sentence *must* extend until P.S.'s eighteenth birthday and that it was without discretion to impose a lesser period of commitment.

[¶9]  We acknowledge that our language in *State v. J.R.* may have contributed to such a belief—one that, if held by the juvenile court, would have resulted in an incorrect application of the law.  In *J.R.*, we stated, "The length of the institutional disposition ordered by the court was mandated by statute as an indeterminate period not to exceed J.R.'s eighteenth birthday." 2018 ME 117, ¶¶ 24, 27, 191 A.3d 1157 ("By imposing the *minimum term permissible* for an indeterminate commitment to Long Creek, the court acted within its discretion and did not err in applying the mandates of section 3313 to J.R.'s specific needs." (emphasis added)).  We recognize that the two quotations above, when removed from the context of *J.R.*, could lead to the

---

[4] At the hearing, P.S.'s attorney requested a thirty-day confinement, stating, "[P]art of the reason why we picked 30 days is because that's the only alternative we have short of indeterminate 18[.] [I]f there was a two-month, three-month thing, we might be talking that.  But this is what we have, so it—I blame the [L]egislature for that drafting decision."  Similarly, P.S.'s initial brief mentioned only the option of a thirty-day confinement and did not argue in the alternative that the court should have limited the indeterminate-up-to-age-eighteen disposition to a commitment of somewhere between at least one year and P.S.'s eighteenth birthday.  Following the State's failure to submit a brief, we ordered further briefing and invited amici curiae briefs.  After that order, P.S. and the amici curiae advanced the argument that the court had the prerogative to expressly limit P.S.'s commitment to a period of one year.  *See* 15 M.R.S. § 3316(2)(A) (2018).

conclusion that the juvenile court lacks the discretion to impose an indeterminate commitment of between at least one year and a juvenile's eighteenth birthday.

[¶10] Because the issue was not raised by the parties in *J.R.*, we did not discuss section 3316's language allowing the court to "expressly further limit[] or extend[]" a juvenile's indeterminate commitment. 15 M.R.S. § 3316(2)(A). Further, J.R.'s age rendered the issue of judicial discretion less meaningful than in this case. J.R.'s indeterminate disposition up to the age of eighteen meant that he would spend up to eighteen months at a juvenile facility. *J.R.*, 2018 ME 117, ¶ 24, 191 A.3d 1157. In contrast, given P.S.'s relative youth at the time of the hearing, P.S.'s commitment could last almost thirty-nine months, more than three years. Thus, the potential for a shorter period of commitment is a more pertinent issue here than it was in *J.R.*

[¶11] We clarify today that the language of *J.R.* does not constrain a juvenile court's discretion to impose a shorter period of indeterminate commitment than up to a juvenile's eighteenth birthday pursuant to 15 M.R.S. § 3316(2)(A), so long as that commitment is for at least one year. We cannot determine on this record whether the District Court believed it was compelled to impose a commitment extending until P.S.'s eighteenth birthday.

8

Accordingly, we vacate the judgment and remand the matter for the court to readdress the disposition pursuant to 15 M.R.S. §§ 3314(1), 3316(2), specifically acknowledging the full range of discretion provided to the court in section 3316(2)(A) and the Legislature's directive to prioritize the least restrictive juvenile disposition that is appropriate, *see J.R.*, 2018 ME 117, ¶ 12, 191 A.3d 1157 (citing 15 M.R.S.A. § 3002 (2003) Commentary 1979). In its review, the court may decide to reimpose P.S.'s up-to-age-eighteen commitment, or it may exercise its discretion to limit his indeterminate commitment within the direction of the statute. *See* 15 M.R.S. §§ 3002, 3313(1)-(2), 3314(1), 3316(2) (2018).

The entry is:

> Judgment vacated. Remanded to the District Court for further proceedings consistent with this opinion.

---

John W. Tebbetts, Esq., Tebbetts Law Office, LLC, Presque Isle, for appellant P.S.

Todd R. Collins, District Attorney, and James G. Mitchell, Jr., Asst. Dist. Atty., 8th Prosecutorial District, Caibou, for appellee State of Maine

Emma E. Bond, Esq., Zachary L. Heiden, Esq., and Meagan Sway, Esq., ACLU of Maine Foundation, Portland, for amicus curiae ACLU of Maine Foundation

Peter Rice, Esq., and Jeffrey M. Skakalski, Esq., Disability Rights Maine, Augusta, for amicus curiae Disability Rights Maine

Mary Bonauto, Esq., GLBTQ Legal Advocates & Defenders, Portland, for amicus curiae GLBTQ Legal Advocates & Defenders

Tina Heather Nadeau, Esq., Maine Association of Criminal Defense Lawyers, Portland, for amicus curiae Maine Association of Criminal Defense Lawyers

Fort Kent District Court docket numbers JV-2018-12, JV-2018-20, and JV-2018-21
FOR CLERK REFERENCE ONLY